# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on November 1, 2013

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **DEALLEN PRICE,** | : | **VIOLATIONS: 18 U.S.C. § 2114** |
| | : | (Robbery of Mail, Money or Other |
| Defendant. | : | Property of the United States by Use of a |
| | : | Dangerous Weapon) |
| | : | **18 U.S.C. § 922(g)(1)** |
| | : | (Unlawful Possession of a Firearm by a |
| | : | Person Convicted of a Crime Punishable |
| | : | by Imprisonment for a Term Exceeding |
| | : | One Year) |
| | : | **18 U.S.C. § 924(c)(1)(A)(ii)** |
| | : | (Using, Carrying, Possessing, and |
| | : | Brandishing a Firearm During and in |
| | : | Relation to a Crime of Violence) |
| | : | |
| | : | **CRIMINAL FORFEITURE:** |
| | : | **18 U.S.C. § 981(a)(1)(C);** |
| | : | **18 U.S.C. § 924(d); 21 U.S.C. § 853(p);** |
| | : | **and 28 U.S.C. § 2461(c)** |

## I N D I C T M E N T

The Grand Jury charges that:

### COUNT ONE

On or about January 12, 2015, within the District of Columbia, the defendant, **DEALLEN PRICE**, did assault Demetrius Crawley, a person having lawful charge, custody and control of United States mail matter, money and other property of the United Sates, with intent to rob, steal and purloin said mail matter, money and other property of the United States, and in doing so the

defendant, **DEALLEN PRICE**, put the life of the said Demetrius Crawley in jeopardy by the use of a dangerous weapon, that is, a handgun.

>(**Robbery of Mail, Money or Other Property of the United States by Use of a Dangerous Weapon**, in violation of Title 18, United States Code, Section 2114)

## COUNT TWO

On or about January 12, 2015, within the District of Columbia, the defendant, **DEALLEN PRICE**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Circuit Court for Prince George's County, in the State of Maryland, Criminal Case No. CT121457A, did unlawfully and knowingly receive and possess a firearm, that is, a handgun, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

>(**Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT THREE

On or about January 12, 2015, within the District of Columbia, the defendant, **DEALLEN PRICE**, did unlawfully and knowingly use, brandish, and carry a firearm, that is, a handgun, during and in relation to, and possess in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is Count One of this Indictment which is incorporated herein.

>(**Using, Carrying, Possessing, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

2. Upon conviction of the offenses alleged in Counts Two and/or Three of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924(d), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia